UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**BLAIR F. STAVISH, JR.,**

      **Plaintiff,**                         Case No. 2:07-cv-474
                                            JUDGE GREGORY L. FROST
      **v.**                                  Magistrate Judge Mark R. Abel

**DIRECTOR OF ENFORCEMENT –
NATIONAL ASSOCIATION OF
SECURITIES DEALERS,**

      **Defendant.**

## OPINION AND ORDER

This matter is before the Court for consideration of Defendant's motion to dismiss (Doc. # 5), to which Plaintiff has not filed a memorandum in opposition. For the reasons that follow, the Court does not address the merits of the motion and dismisses this case without prejudice.

The Complaint in this case was filed pro se by Plaintiff, Blair F. Stavish, Jr. (Doc. # 2.) This pleading fails to satisfy the Federal Rules of Civil Procedure in numerous ways, including its failure to contain "a short and plain statement of the grounds upon which the court's jurisdiction depends" and "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). What the Court can discern is that Plaintiff asks this Court to order Defendant to conduct arbitration.

What is clear from the face of Plaintiff's Complaint is that Plaintiff has listed his address as South Euclid, Ohio, which is in the Northern District of Ohio. Plaintiff's pleading additionally indicates that Defendant is based in New York, New York, which is obviously also not in the Southern District of Ohio. Attachments to the Complaint indicate that the events

Plaintiff seeks to have arbitrated occurred in the Pepper Pike, Ohio and Beachwood, Ohio offices of former employers, which are also not in the Southern District of Ohio.  (Docs. # 2-2, 2-4.)

Venue is improper in the Southern District of Ohio.  *See* 28 U.S.C. § 1391.  There is no apparent reason why the interests of justice support a transfer as opposed to a dismissal without prejudice of this action.  Accordingly, the Court sua sponte **DISMISSES** this action **WITHOUT PREJUDICE**.  *See* 28 U.S.C. § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong . . . district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.").  *See also Flynn v. Greg Anthony Constr. Co., Inc.*, 95 F. App'x 726, 738 (6th Cir. 2003) (recognizing that court action under § 1406(a) can be taken sua sponte).  Defendant's motion to dismiss is therefore **MOOT**.  (Doc. # 5.)

Because Plaintiff is proceeding pro se, the Court adds for purposes of clarity that this is not a decision foreclosing arbitration or judicial involvement in Plaintiff's pursuit of that arbitration.  This decision in fact expresses no opinion whatsoever on the merits of Plaintiff's allegations, but simply states that Plaintiff has filed his action in the wrong judicial district.

The Clerk shall terminate this case upon the docket records of the United States District Court for the Southern District of Ohio, Eastern Division, at Columbus.

**IT IS SO ORDERED**.

/s/ Gregory L. Frost
GREGORY L. FROST
UNITED STATES DISTRICT JUDGE